IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE BALTIMORE LIFE INS. CO., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. MJG-18-0968 |
| TERRY D. QUATTLEBAUM *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Baltimore Life Insurance Company filed this complaint for interpleader in order to determine the identity of the beneficiary or beneficiaries of a life insurance policy in the amount of $3,000 payable as a benefit in the event of death of Lucinda I. Quattlebaum. (Compl., ECF No. 1.) Ms. Quattlebaum's son, Terry D. Quattlebaum ("Quattlebaum"), was named the primary beneficiary and her daughter, Brendalynn Goffney, was named the contingent beneficiary. (*Id.* ¶ 10.) A funeral home claimed the death benefit was the subject of an irrevocable assignment, which the funeral home had reassigned to a financing company. (*Id.* ¶¶ 12, 13.) Baltimore Life filed a motion to deposit the policy proceeds into the Court's registry, to be awarded attorney's fees and costs, and to be discharged from the case. (Mot. Discharge, ECF No. 2.)

The potential claimants were served with process (ECF Nos. 5, 6, 8, 9), but only one, Quattlebaum, filed an answer (ECF No. 7).[1] The Court issued an Initial Order directing Baltimore Life to deposit the $3,000 benefit plus interest into the registry, directing Defendants

---

[1] The answer was signed only by Quattlebaum, but recited that it was not only his answer but also that of his sister, who had appointed him as her attorney in fact. The answer had attached to it a power of attorney that she had executed so that he could represent her and sign all necessary documents in relation to the insurance policy and litigation concerning it. The Court's Local Rules do not allow an individual who is not a member of this Court's bar to represent anyone else before the Court. *See* Local Rule 101.1.a (D. Md. 2016).

to interplead by July 6, 2018, enjoining Defendants from suing Plaintiff regarding the life insurance proceeds, and leaving open the question of attorney's fees and costs to be awarded Plaintiff. (Initial Order, May 24, 2018, ECF No. 10.) The Initial Order did not discharge Baltimore Life from the case.

Quattlebaum filed a response to the Initial Order and stated the funeral home had been fully paid from proceeds from another insurance policy; he also stated he did not enter into an irrevocable assignment with either the funeral home or the financing company affecting the policy at issue in this case. (ECF No. 11.) Quattlebaum then filed a motion for summary judgment and said no genuine dispute of material fact existed and he was entitled to judgment as a matter of law. (ECF No. 12.) No opposition was filed to his motion.

The case is ripe and ready for decision. The Court concludes from the record before the Court that Quattlebaum is the sole claimant to the policy's death benefit and further concludes he is entitled to the policy's proceeds, including interest thereon, after a reasonable amount has been paid to Baltimore Life for its attorney's fees and costs. Baltimore Life stated in an earlier filing that a reasonable award of fees and costs would be $1,000. (Mot. Discharge 6.) Baltimore Life has not submitted a basis for that figure, and the Court is not able to judge its reasonableness or not. Quattlebaum has not weighed in on the point. Baltimore Life will be required to submit to the Court a brief explanation for the amount claimed for fees and costs; the submission need not be overly detailed, and may be in the form of a letter motion, but must provide sufficient basis for the Court to judge the merit of Baltimore Life's request. Baltimore Life's response shall be filed on or before August 28, 2018. Any objections from Quattlebaum must be filed on or before September 14, 2018.

DATED this _✓_ day of August, 2018.

BY THE COURT:

*James K. Bredar* (signature)
James K. Bredar
Chief Judge